**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DWAYNE MEREDITH,

              Petitioner - Appellant,

   v.

RAUL LOPEZ,

              Respondent - Appellee.

No. 12-16594

D.C. No. 2:10-cv-01395-JFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John F. Moulds, Magistrate Judge, Presiding

Argued and Submitted December 4, 2013
San Francisco, California

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

   We have jurisdiction of this timely appeal pursuant to 28 U.S.C. §§ 1291

and 2253(a), and we affirm.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Because the facts and circumstances of this case are well known to the parties and were fully aired during oral argument, we need not repeat them at length in this disposition.

Respondent Lopez concedes that Meredith's right to participate in his trial without wearing identifiable jail clothing was violated by the trial judge. Nevertheless, Meredith is not entitled to relief if this violation had no "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal quotation marks omitted). Upon examining the record, we conclude that the violation had no such influence or effect. Meredith conceded at trial that he was in possession of stolen property from the victim's home (Count II) as well as methamphetamine (Count III), leaving us with only the contested residential burglary to consider (Count I). As to this count, an eyewitness observed Meredith exiting the victim's previously locked garage. When asked by the witness for his name, Meredith hopped over a fence and sped off down the street while "tucked down" in a car. When the police apprehended him, he was in possession of two items belonging to the victim that previously had been in the house. The eyewitness promptly identified Meredith near the scene of his arrest.

Moreover, Meredith's primary defense to the burglary was that the house involved did not qualify as a residence. This defense could not have been influenced by Meredith's identifiable jail clothing.

**AFFIRMED**.

3